STATE OF NORTH CAROLINA v. ERNEST J. AGUALLO

No. 326A87

(Filed 28 July 1988)

**1. Criminal Law § 50.2— testimony concerning characteristics of sexually abused children—witnesses not qualified as experts—admissible**

The trial court did not err in a prosecution for first degree rape of a nine-year-old stepdaughter by admitting the testimony of two witnesses concerning the characteristics of sexually abused children where one witness had over fourteen years in child protective services and had during that time worked on

State v. Aguallo

between twenty-five and thirty cases of child sexual abuse, and the other witness had investigated some one hundred cases. It is evident that the nature of their jobs and the experience which they possessed made them better qualified than the jury to form an opinion as to the characteristics of abused children; moreover, defendant only interposed general objections to the testimony and did not request a finding by the trial court as to the witnesses' qualifications as experts. N.C.G.S. § 8C-1, Rule 701 (1986).

2. Criminal Law §§ 86.8, 53— child rape victim—physician's testimony that results of examination consistent with victim's statement—admissible

The trial court did not err in a prosecution for the first degree rape of a nine-year-old girl by admitting a pediatrician's testimony that the results of a physical examination were consistent with the victim's pre-examination statement. The statement of the doctor only revealed the consistency of her findings with the presence of vaginal trauma and did not comment on the truthfulness of the victim or the guilt or innocence of defendant. N.C.G.S. § 8C-1, Rule 702 (1986).

3. Criminal Law § 88.4— cross-examination of defendant—comment on credibility of other witnesses—no abuse of discretion

The trial court did not abuse its discretion in a prosecution for the first degree rape of defendant's nine-year-old stepdaughter in ruling on the State's cross-examination of defendant where the prosecutor was cross-examining defendant about his testimony in a prior trial to reveal inconsistencies, the record fails to show that the questions asked were not based on proper information and asked in good faith, the prosecutor did not offer his own opinion or present facts which were not in evidence or not properly admissible, and defendant did not object at trial to those questions or move to strike the responses.

4. Criminal Law § 89.3— corroborative testimony—new information—admissible

The trial court did not err in a prosecution for the rape of defendant's nine-year-old stepdaughter by admitting as corroborative testimony a written statement made by the victim which contained an alleged statement by defendant to the victim's mother to "come see me or I'll get someone to come rape your children" where that statement went beyond the victim's earlier testimony. The additional fact added weight or credibility to the child's earlier testimony because the victim had previously testified that defendant had said he would hurt her mother if the child told anyone what had transpired, and the child had also testified on more than one occasion that she was afraid of defendant.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from a sentence of life imprisonment imposed by *Wood, Sr., J.*, at the 9 February 1987 Criminal Session of Superior Court, FORSYTH County. Heard in the Supreme Court 10 May 1988.

*Lacy H. Thornburg, Attorney General, by Francis W. Craw-ley, Assistant Attorney General, for the State.*

*Leland Q. Towns for defendant-appellant.*

FRYE, Justice.

Defendant's appeal of his conviction and resulting sentence of life imprisonment reaches this Court for a second time. Defendant's first appeal resulted in a new trial. *See State v. Aguallo,* 318 N.C. 590, 350 S.E. 2d 76 (1986). A thorough review of the record and assignments of error reveals that defendant's second trial was free of error.

We need only repeat those facts that are necessary to dispose of the case on this appeal. The State presented evidence which tended to show that defendant had vaginal intercourse with his stepdaughter, age nine, on 12 December 1984. During the course of the trial, the State called as witnesses a social services case worker and a juvenile investigator, both of whom had questioned the young victim following the assault. The two witnesses testified to the general characteristics of sexually abused children. The State also presented testimony from an examining pediatrician to corroborate the testimony of the child.

Defendant testified on his own behalf, essentially contending that the testimony of the prosecutrix was untrue. The jury returned a verdict of guilty of first degree rape, and the trial judge sentenced defendant to the mandatory life term. Defendant again appeals as a matter of right.

[1] Defendant, by his first assignment of error, contends that the trial court erred by allowing two witnesses to testify to the characteristics of sexually abused children. Defendant argues that such evidence was improper since the witnesses were not qualified as experts and that their testimony fails as lay opinion because it was not "rationally based on the perceptions of the witness." N.C.G.S. § 8C-1, Rule 701 (1986).

During the State's case-in-chief, the prosecutor called Amy Collins as a witness. Collins testified on direct examination that she was a case worker with the Davie County Department of Social Services in child protective services. She had been employed in that capacity for fourteen years and had investigated between

twenty-five and thirty cases of child sexual abuse. She inter-
viewed the victim in this case, who told her about the abuse in-
flicted upon her by defendant. The prosecutor also called Juvenile
Investigator Linda Sturgill of the Forsyth County Sheriff's
Department. Ms. Sturgill had been employed in that capacity for
seven years and had investigated over one hundred cases of child
sexual abuse. The substance of both witnesses' testimony was a
portrayal of the typical sexually abused child. Defendant offered
general objections to most of this testimony.

In considering this assignment of error, we find instructive
this Court's decision in *State v. Phifer*, 290 N.C. 203, 225 S.E. 2d
786 (1976). There, the defendant objected to the trial judge's deci-
sion to allow into evidence the testimony of two SBI agents. One
agent gave his opinion as to whether the washing of one's hands
would destroy any possibility of a valid gun residue test, and a
second agent explained the differences between a latent lift and a
fingerprint. Neither of the agents had been formally qualified as
experts. We held that because of the nature of their jobs and the
experience which they had, they were better qualified than the
jury to form an opinion on these matters. *Id.* at 213, 225 S.E. 2d
at 793. The Court further held that because the defendant never
requested a finding by the trial court as to the witnesses'
qualifications as experts, such a finding was deemed implicit in
the ruling admitting the opinion testimony. *Id.* at 213-14, 225 S.E.
2d at 793.

In the instant case, Ms. Collins had over fourteen years in
child protective services and had during that time worked on be-
tween twenty-five and thirty cases of child sexual abuse. In-
vestigator Sturgill, likewise, was experienced in the area of child
sexual abuse by having investigated some one hundred cases. It is
evident that the nature of their jobs and the experience which
they possessed made them better qualified than the jury to form
an opinion as to the characteristics of abused children. In any
event, defendant interposed only general objections to the testi-
mony which is the subject of this assignment of error. He, like
defendant in *Phifer*, never requested a finding by the trial court
as to the witnesses' qualifications as experts. In the absence of
such a request, the finding that the witness is an expert is im-
plicit in the trial court's ruling admitting the opinion testimony.
*Id.* Moreover, since defendant did not object on the grounds that

the testifying witnesses were not qualified as experts, he has waived his right to later make the challenge on appeal. *State v. Hunt*, 305 N.C. 238, 287 S.E. 2d 818 (1982).

[2] By defendant's second assignment of error, he contends that the pediatrician's testimony that the results of the physical examination were consistent with the victim's pre-examination statement was a comment on the victim's truthfulness or the guilt or innocence of defendant. We disagree.

Dr. Sinal, who performed a complete examination of the victim, testified that there had been a "lacerational cut" in the hymen area of the child. When asked if the findings from the physical examination were consistent with what the child had told her, the doctor responded affirmatively. At a later time during direct examination, the prosecutor again asked the doctor if, in her opinion, the lacerations and adhesions she found were consistent with what the child had told her. Over objection she responded, "I felt it was consistent with her history."

Defendant relies on a line of cases in which this Court has held it reversible error for medical experts to testify as to the veracity of the victim. This Court has found reversible error when experts have testified that the victim was believable, had no record of lying, and had never been untruthful. *See State v. Aguallo*, 318 N.C. 590, 350 S.E. 2d 76; *State v. Kim*, 318 N.C. 614, 350 S.E. 2d 347 (1986); *State v. Heath*, 316 N.C. 337, 341 S.E. 2d 565 (1986). This case, however, is distinguishable.

Essentially, the doctor testified that the physical trauma revealed by her examination of the child was consistent with the abuse the child alleged had been inflicted upon her. We find this vastly different from an expert stating on examination that the victim is "believable" or "is not lying." The latter scenario suggests that the complete account which allegedly occurred is true, that is, that this defendant vaginally penetrated this child. The actual statement of the doctor merely suggested that the physical examination was consistent with some type of penetration having occurred. The important difference in the two statements is that the latter implicates the accused as the perpetrator of the crime by affirming the victim's account of the facts. The former does not.

The statement of the doctor only revealed the consistency of her findings with the presence of vaginal trauma. This expert opinion did not comment on the truthfulness of the victim or the guilt or innocence of defendant. The questions and answers were properly admitted to assist the jury in understanding the results of the physical examination and their relevancy to the case being tried. N.C.G.S. § 8C-1, Rule 702 (1986).

[3] Defendant next argues that the trial court abused its discretion by allowing the prosecutor to question defendant during cross-examination as to whether several of the State's witnesses told less than the truth during their testimony. One colloquy between the prosecutor and defendant was as follows:

Q. [Prosecutor] You had your pants down, and that is what Mary saw when she walked in?

A. That's wrong.

Q. You're saying Mary made that up, she saw you with *her* pants down? (Emphasis added.)

A. She didn't see me with my pants down. They weren't down.

Q. You're saying she made that up?

A. That's what she testified to.

Q. Did she make that up?

A. I can't speak for Mary. I'm telling you my pants were up.

Q. Well—

A. They were unbuttoned, but remember—

Q. They had slipped down?

A. Yeah, when I got up off the couch.

Q. I understand that. And Mary's lying about this?

A. Don't make me call my wife a liar.

Q. Beg pardon? [sic]

A. Don't make me call my wife a liar.

Q. Well, you called her a liar at the last trial, Mr. Aguallo.

Mr. Stroud: [defense counsel] Objection.

Q. [Prosecutor] And you had no hesitation at the last trial calling her a liar.

Mr. Stroud: Objection, Your Honor.

The Court: Overruled.

A. I been [sic] away from my wife for two years.

Defendant argues that the foregoing questions exceeded the proper bounds of cross-examination in that they called for the defendant to comment on the credibility of his wife Mary Aguallo.

The bounds of permissible cross-examination were stated in *State v. Dawson*, 302 N.C. 581, 276 S.E. 2d 348 (1981). In *Dawson*, this Court held that: (1) the scope of cross-examination is subject to the discretion of the trial judge; and (2) the questions offered on cross-examination must be asked in good faith. *Id.* at 585, 276 S.E. 2d at 351, *citing State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971). The cases in which this Court has found abuse of discretion based upon a challenge of improper cross-examination have involved instances where the prosecutor has affirmatively placed before the jury his own opinion or facts which were either not in evidence or not properly admissible. *See State v. Locklear*, 294 N.C. 210, 241 S.E. 2d 65 (1977) (prosecutor said witness was lying through his teeth); *State v. Britt*, 288 N.C. 699, 220 S.E. 2d 283 (1975) (prosecutor informed jury that defendant had previously been on death row). Such egregious conduct did not occur in the instant case.

Here, the prosecutor was cross-examining defendant about his prior testimony at the first trial to reveal inconsistencies. Prior statements by a defendant are a proper subject of inquiry by cross-examination. *See* N.C.G.S. § 8C-1, Rules 607, 608, and 613 (1986). The record fails to show that the questions asked were not based on proper information and asked in good faith. *See State v. Gaiten*, 277 N.C. 236, 176 S.E. 2d 778 (1970). The prosecutor did not offer his own opinion or present facts which were not in evidence or not properly admissible. We, therefore, find that the trial court did not abuse its discretion in its ruling on the State's

cross-examination of defendant. *State v. Ziglar*, 308 N.C. 747, 304 S.E. 2d 206 (1983).

Defendant argues that the prosecutor's tactics on cross-examination also required defendant to comment on the credibility of other witnesses, including the victim. However, defendant did not object, at trial, to these questions or move to strike the responses thereto. Failure to object at the time the evidence is offered or to move to strike the evidence is deemed a waiver of the right to assert error on appeal. *See* N.C.R. App. P., Rule 10(b)(1); *State v. Gardner*, 315 N.C. 444, 340 S.E. 2d 701 (1986).

[4] Defendant contends in his final assignment of error that the trial judge erred by denying his motion to strike the testimony of a witness who allegedly presented new facts under the guise of corroborative testimony. The State sought to read to the jury a written statement made by the young victim. The trial court admitted it for the limited purpose of corroborating the child's earlier testimony that defendant threatened her mother. Defendant objected to a sentence in the statement in which defendant allegedly told the victim's mother to "come see me or I will get someone to come rape your children." Specifically, he argues that the written statement of the prosecutrix, read at trial by a State's witness, did not corroborate the victim's testimony because it contained this additional fact which went beyond her earlier testimony. This contention is without merit.

We are guided by this court's decision in *State v. Ramey*, 318 N.C. 457, 349 S.E. 2d 566 (1986). There, we held that testimony was corroborative if it tended "to add weight or credibility to such testimony." *Id.* at 469, 349 S.E. 2d at 573. More important, in *Ramey*, we expressly rejected this Court's previous statements that new information, contained in the witness' prior statement, but not referred to in his trial testimony, may never be admitted as corroborative evidence. *Id.* Consequently, our analysis does not end simply because the new statement read to the jury contained statements not previously heard by the jury. Rather, we must determine whether these additional facts "add weight or credibility" to the child's earlier testimony. *Id.*

The victim previously testified that defendant had said he would hurt her mother if the child told anyone what had transpired. The child also testified on more than one occasion that she

was afraid of defendant. The portion of the written statement about which defendant now complains supports the earlier concerns expressed by the young victim, that is, her fear of retaliation. Although the written statement included facts not otherwise in evidence, the additional facts tended to add weight or credibility to those already admitted into evidence. For that reason, the trial court properly denied defendant's motion to strike.

In defendant's trial, we find

No error.