STATE OF NORTH CAROLINA v. JOSEPH ALOYSIUS DYSON, II

No. COA03-1046

(Filed 3 August 2004)

## 1. Evidence— testimony—child protective services worker—sexual assault—corroboration

The trial court did not commit plain error in a first-degree sexual offense case by admitting testimony of a child protective services worker regarding statements made to her by the child victim, because: (1) while the witness's testimony went beyond the single act of oral sex to which the child victim testified, the witness's testimony did not depart from the child's testimony that oral sex occurred between defendant and the victim thus corroborating the testimony although there was some variation; and (2) defendant is unable to show error such that the jury probably would have reached a different result absent the alleged error.

## 2. Evidence— hearsay—opinion testimony—plain error analysis

The trial court did not commit plain error in a first-degree sexual offense case by admitting hearsay and opinion testimony of a witness who had not been qualified as an expert, because: (1) when admitted without objection, otherwise inadmissible hearsay may be considered with all the other evidence and given such evidentiary value as it may possess; (2) the pertinent testimony was too vague to amount to opinion testimony; and (3) neither of the witness's pertinent statements would have prejudiced the jury and tilted the scales in favor of conviction.

## 3. Sexual Offenses— first-degree sexual offense—failure to instruct on indecent liberties with a minor

The trial court did not err in a first-degree sexual offense case by failing to instruct the jury as to indecent liberties with a minor, because: (1) indecent liberties with a minor is not a lesser-

included offense of a first-degree sex offense; and (2) the State's evidence supported each element of first-degree sex offense.

4. **Evidence— prior crimes or bad acts—sexual act with minor—motive—intent—common plan**

The trial court did not abuse its discretion in a first-degree sexual offense case by admitting testimony concerning a prior sexual act committed by defendant with another minor, because: (1) the lapse of time of eleven years between the prior acts and the acts in this case does not sufficiently diminish the similarities between the acts; (2) remoteness is less significant when the prior conduct is used to show intent, motive, knowledge, or lack of accident, and the State introduced evidence of defendant performing oral sex on a nine-year-old boy to show defendant's intent, motive, and common plan since both acts involved oral sex with young children eight and nine years old; and (4) the trial court applied the appropriate balancing test of N.C.G.S. § 8C-1, Rule 403, and the probative value outweighed any prejudicial effect.

5. **Constitutional Law— effective assistance of counsel—failure to object—failure to request instruction**

Defendant did not receive ineffective assistance of counsel in a first-degree sex offense case based on his attorney's failure to object to certain testimony and failure to request a jury instruction on a lesser-included offense, because: (1) defendant could not have been prejudiced by failure to object to the pertinent testimony when the Court of Appeals already determined based on plain error review that the trial court did not err by admitting the challenged testimony; and (2) indecent liberties with a minor is not a lesser-included offense of a first-degree sexual offense, and contrary to defendant's contentions, defense counsel did request this jury instruction.

Appeal by defendant from judgment dated 29 April 2003 by Judge A. Moses Massey in Moore County Superior Court. Heard in the Court of Appeals 28 April 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Sue Y. Little, for the State.*

*Bruce T. Cunningham, Jr. for defendant-appellant.*

STATE v. DYSON

[165 N.C. App. 648 (2004)]

BRYANT, Judge.

Joseph Aloysius Dyson, II (defendant) appeals a judgment dated 29 April 2003 entered consistent with a jury verdict finding him guilty of first-degree sexual offense.

The State's evidence at trial tended to show that eight-year-old A.H.[1] resided with her mother and siblings in South Carolina. During the summer of 2002, A.H. went to stay with her aunt in Pinebluff, North Carolina. Defendant occasionally spent the night at the home of A.H.'s aunt and usually slept in the living room. One night while A.H. slept in her aunt's room, defendant entered, awakened A.H., and "made [her] suck his thing." A.H.'s sisters, infant cousin and aunt remained asleep during the incident. The next day, A.H. telephoned her mother and said that "Joseph had been messing with her." When A.H.'s mother asked what she meant, A.H. replied that "he made [her] suck his thing." Several days later A.H. was interviewed by Tanyetta Felder (Felder), a Child Protective Services worker with Moore County Department of Social Services (DSS). A.H. told Felder defendant had "touched her private parts with his hand and then made her suck his thing," that it was defendant's "private part that he made her suck."

The State also presented "other crimes" evidence which tended to show that more than 10 years previously, in October 1991, Kevin B. Motter (Detective Motter), with the Spring Lake Police Department, investigated an incident involving defendant. He took a statement from defendant who said that on 23 October 1991 he was in a park with friends when it began to rain and that he and a boy, who was nine or ten years old at the time, "ran to one of the dugouts from the baseball diamond." While sitting in the dugout, defendant "pulled [the boy's] pants down and began sucking his penis."

Defendant presented no evidence at trial.

On appeal, defendant raises four issues of whether the trial court erred by: (I) admitting testimony of a child protective services worker regarding statements made to her by the child victim; (II) admitting opinion testimony of a witness who had not been qualified as an expert; (III) not instructing the jury as to indecent liberties with a minor; and (IV) admitting testimony concerning a prior sexual act committed by defendant. Interspersed in some of defendant's argu-

---

1. The victim's name has been reduced to initials for protection purposes.

ments are claims of ineffective assistance of counsel, which are addressed in the last section of this opinion.

I

[1] Defendant first argues it was plain error for the trial court to admit testimony from Felder regarding statements made to her by the child victim, A.H. We note that because defendant failed to object to the admission of this testimony, we must apply plain error review.

"Plain error analysis is applied when our review of the entire record reveals . . . a fundamental error so prejudicial that justice cannot have been done." *State v. Haselden*, 357 N.C. 1, 13, 577 S.E.2d 594, 602-03 (2003). "To prevail, the 'defendant must convince this Court not only that there was error, but that absent the error the jury probably would have reached a different result.' " *Id.* (citation omitted). Plain error review is to be applied only to exceptional cases. *State v. Walker*, 316 N.C. 33, 39, 340 S.E.2d 80, 83 (1986).

In the instant case, A.H. testified at trial that defendant had her perform oral sex on him on one occasion. Felder testified that A.H. told her that defendant "touched her private parts with his hand and then he made her suck his thing." Felder further stated A.H. told her "it was more than one time." Defendant contends Felder's statements did not corroborate A.H.'s testimony at trial, and it was plain error for the trial court to have allowed such testimony.

Corroboration is "[t]he process of persuading the trier of the facts that a witness is credible." 1 Henry Brandis, Jr., *Brandis on North Carolina Evidence* § 49 (3d ed. 1988). Our Supreme Court has defined "corroborate" as "to strengthen; to add weight or credibility to a thing by additional and confirming facts or evidence." *State v. Higginbottom*, 312 N.C. 760, 769, 324 S.E.2d 834, 840 (1985); *see State v. Aguallo*, 322 N.C. 818, 825, 370 S.E.2d 676, 679 (1988) (concluding testimony was corroborative if it tended to add weight or credibility to earlier testimony of witness); *State v. Riddle*, 316 N.C. 152, 160, 340 S.E.2d 75, 79 (1986) (holding the trial court did not err in admitting testimony of protective services worker as corroborating evidence of testimony of victim).

In *State v. Lloyd*, our Supreme Court further reiterated the principle that testimony which is offered to corroborate the testimony of another witness and which substantially does corroborate

the testimony is not rendered incompetent because there is some variation. 354 N.C. 76, 104, 552 S.E.2d 596, 617 (2001); *see also State v. Beane*, 146 N.C. App. 220, 232, 552 S.E.2d 193, 201 (2001) (corroborative evidence need not mirror the testimony it seeks to corroborate, and may include new or additional information as long as the new information tends to strengthen or add credibility to the testimony it corroborates).

While Felder's testimony went beyond the single act of oral sex to which A.H. testified, Felder's testimony did not depart from A.H.'s testimony that oral sex occurred between defendant and A.H. Therefore, while there was some variation, Felder's testimony was nonetheless corroborative of A.H.'s testimony and properly admitted for that purpose.

Finally, defendant is unable to show error such that the jury probably would have reached a different result absent the alleged error. Defendant was indicted, tried, and convicted of one count of first-degree sexual offense. A.H. testified defendant "made [her] suck his thing," and A.H.'s mother testified A.H. told her defendant "made [A.H.] suck his thing." Based on this evidence, defendant is unable to show plain error in the admission of Felder's testimony. This assignment of error is overruled.

II

[2] Defendant next argues the trial court erred in admitting hearsay and opinion testimony by a witness not qualified as an expert. Again, we note defendant did not object at trial to the testimony he now challenges, and we therefore apply plain error analysis.

"Hearsay is defined as a statement, other than the one made by the declarant while testifying at trial or hearing offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801(c) (2003). "[W]hen admitted without objection, otherwise inadmissible hearsay may be considered with all the other evidence and given such evidentiary value as it may possess." 1 Henry Brandis, Jr., *Brandis on North Carolina Evidence* § 139 (3d ed. 1988).

The following statement is the first of two made by Felder that defendant challenges as inadmissible opinion hearsay:

When I received the report and information from—[w]hat [c]ounty is this? North Carolina. Let me make sure I give you the

**STATE v. DYSON**

[165 N.C. App. 648 (2004)]

right information that—of sexual abuse allegations against [A.H.]
by Mr. Joseph Dyson. He was the perpetrator.

When Felder stated, "[h]e was the perpetrator," she was referring to
defendant as the alleged perpetrator identified in the DSS report in
order to differentiate this case from her other Moore County DSS
cases. Felder was not testifying as an expert witness, nor did she
state an opinion that defendant was in fact the perpetrator.

Defendant also contends Felder was allowed to offer opinion tes-
timony as to recommended treatment for A.H., without being quali-
fied as an expert witness. Felder stated:

They said that that was normal, you know, for [A.H.] to have, you
know, some anger. And what they did with their recommenda-
tions, they recommend that, you know, she undergo some type of
therapy with mental health to deal with the sexual abuse.

This testimony is too vague to amount to opinion testimony. The
transcript reveals "they" refers to the facility that performed A.H.'s
forensic evaluation. Defendant did not object to this testimony at
trial, and on appeal, fails to demonstrate plain error in the admission
of Felder's statement as to A.H.'s forensic evaluation. Moreover, we
find neither of Felder's statements now challenged by defendant
would have prejudiced the jury and "tilted the scales" in favor of con-
viction. *State v. Short*, 322 N.C. 783, 790, 370 S.E.2d 351, 355 (1988).
This assignment of error is overruled.

## III

[3] Defendant next argues the trial court erred by not instructing
the jury as to indecent liberties with a minor.

When defendant requested the trial court to instruct the jury
on indecent liberties with a minor, the trial court refused to do
so stating,

COURT: Crime against nature and indecent liberties are not
lesser-included offenses of first- or second-degree sex-
ual offenses, 303 North Carolina 507 and 309 North
Carolina 224. . . . It would seem . . . in this case there's
no conflicting evidence about the . . . second element,
the age of the child. There's no conflicting evidence
about the third element, the age of the victim. And it
would seem that there's no—it's an issue of credibility
as to whether fellatio occurred or didn't occur . . . the

request to instruct on a lesser-included offense of taking indecent liberties is denied. Any other requests?

DEFENSE: No, Your Honor.

Our courts have clearly held that indecent liberties with a minor is not a lesser-included offense of a first-degree sex offense. *State v. Williams*, 303 N.C. 507, 513, 279 S.E.2d 592, 596 (1981); *State v. Ludlum*, 303 N.C. 666, 674, 281 S.E.2d 159, 164 (1981); *State v. Ramseur*, 112 N.C. App. 429, 436, 435 S.E.2d 837, 841 (1993).

In determining when a lesser-included offense instruction is required, our Supreme Court held in *State v. Millsaps*, 356 N.C. 556, 572 S.E.2d 767 (2002) that:

> Under North Carolina and federal law a lesser included offense instruction is required if the evidence "would permit a jury rationally to find [defendant] guilty of the lesser offense and acquit him of the greater." *State v. Strickland*, 307 N.C. 274, 286, 298 S.E.2d 645, 654, quoting *Beck v. Alabama*, 447 U.S. 625, 635, 65 L. Ed. 2d 392, 401, 100 S. Ct. 2382 (1980). The test is whether there "is the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense." *State v. Wright*, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981). Where the State's evidence is positive as to each element of the offense charged and there is no contradictory evidence relating to any element, no instruction on a lesser included offense is required. *State v. Peacock*, 313 N.C. 554, 330 S.E.2d 190 (1985).

*Id.* at 562, 572 S.E.2d at 772.

The trial court in the instant case examined the lack of conflict in the evidence as to all but one element (fellatio) in determining whether or not to instruct the jury on indecent liberties with a minor. Defendant argues that some of the State's evidence supported a lesser charge of indecent liberties; however the State's evidence supported each and every element of a first-degree sex offense without contradiction. Because neither the victim's nor defendant's age were in dispute, the only question for the jury to decide was whether defendant engaged in fellatio, a first-degree sexual offense, with the victim. Because indecent liberties with a minor is not a lesser-included offense of first-degree sexual offense and the State's evidence supported each element of first-degree sex offense, the trial court did not

err by failing to instruct the jury on indecent liberties with a minor. This assignment of error is overruled.

## IV

**[4]** Defendant next argues the trial court erred in admitting the testimony of Detective Motter concerning a prior sexual act committed by defendant.

The State called Detective Motter as a witness on voir dire concerning a 1991 signed statement defendant made to the police where defendant, then seventeen years old, admitted performing oral sex on a nine-year-old boy. The State introduced evidence of the prior sexual act to show defendant's intent, motive, and common plan, since both acts involved oral sex with young children, eight and nine years old. Defendant objected to the admission of Detective Motter's statement and asserted the prejudicial effect of the evidence outweighed its probative value. The trial court overruled defendant's objection citing North Carolina Rules of Evidence 404(b) and 403, and summarized for the record:

> I just wish to make it clear that the court applied . . . the balancing test of Rule 403 and determines, based on the fact that the offense that occurred previously involved a child of the age of eight or nine, that the offense involved fellatio, that the offense involved the defendant seeking out—being alone with the child, conscious of his presence, and other similarities, and applying the balancing test required by 403 has determined that the evidence is more probative than prejudicial, that the evidence is not unfairly prejudicial, and therefore ruled as the [c]ourt has ruled.

While the period of elapsed time since the prior sexual acts is an important part of the Rule 403 balancing process, and the passage of time may "slowly erode commonalities" between the prior acts and the acts currently charged, the lapse of time in this case does not sufficiently diminish the similarities between the acts. *State v. Frazier*, 121 N.C. App. 1, 11, 464 S.E.2d 490, 495 (1995); *State v. Blackwell*, 133 N.C. App. 31, 36, 514 S.E.2d 116, 120 (evidence of prior similar sex offenses which occurred ten and seven years earlier were not too remote in time), *cert. denied*, 350 N.C. 595, 537 S.E.2d 483 (1999); *see also State v. Roberson*, 93 N.C. App. 83, 85, 376 S.E.2d 486, 487-88 (1989) (involving nearly a five-year lapse of time between sexual acts). Furthermore, "remoteness is less sig-

nificant when the prior conduct is used to show intent, motive, knowledge, or lack of accident." *State v. Hipps*, 348 N.C. 377, 405, 501 S.E.2d 625, 642 (1998).

In the instant case, eight-year-old A.H. testified defendant made her perform oral sex on him in a bedroom where others were asleep. Detective Motter testified defendant admitted to engaging in oral sex with a nine-year-old child victim in 1991 when they were alone. While these events occurred eleven years apart, Detective Motter's testimony was introduced to show defendant's motive and opportunity in engaging in oral sex with A.H. Because the record clearly indicates the trial court applied the appropriate balancing test of N.C. Gen. Stat. § 8C-1, Rule 403 in deciding whether to admit Officer Motter's testimony, and because the probative value outweighed the prejudicial effect, we conclude the trial court did not abuse its discretion by admitting the evidence of defendant's prior sexual act. *See State v. Beckham*, 145 N.C. App. 119, 124, 550 S.E.2d 231, 235 (2001) (acts of masturbation in front of a male and female child admissible in case alleging rape of a female child). This assignment of error is overruled.

### Ineffective Assistance of Counsel

[5] Finally we note that in several of defendant's forgoing arguments he contends ineffective assistance of counsel prejudiced his right to a fair trial. Defendant alleges his counsel's failure to object to certain testimony and request a jury instruction on a lesser-included offense was erroneous and amounted to ineffective assistance of counsel.

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the United States Constitution.

*Strickland v. Washington*, 466 U.S. 668, 691, 80 L. Ed. 2d 674, 696 (1984).

A defendant claiming a denial of the right to effective assistance of counsel is held to a familiar two-part standard:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial.

*State v. Braswell*, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985). Mere allegations surrounding matters of trial tactics, without more, are not sufficient to meet the test set forth in *Strickland. State v. Piche*, 102 N.C. App. 630, 638, 403 S.E.2d 559, 564 (1991). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Quick*, 152 N.C. App. 220, 566 S.E.2d 735 (2002).

We have already determined based on plain error review that the trial court did not err in admitting the challenged testimony of child protective services worker Felder. Therefore, defendant's right to a fair trial could not have been prejudiced by his counsel's failure to object to Felder's testimony.

Further, as previously discussed, the law is clear that indecent liberties with a minor is not a lesser-included offense of a first-degree sexual offense. *Williams*, 303 N.C. 507, 279 S.E.2d 592. However, contrary to defendant's contentions, the record reveals that defense counsel *did* request a jury instruction as to indecent liberties with a minor, which the trial court denied.

Defendant has failed to meet his burden under *Strickland* with respect to his claim of ineffective assistance of counsel. Accordingly, we find no error.

No error.

Judges ELMORE and GEER concur.