TYSON, Judge.
Dontae Lamar Brown ("Defendant") appeals from a jury's verdict finding him guilty of common law robbery. We find no error.
I. Background
Defendant entered a Charlotte-area 7-Eleven on 18 June 2016. The owner, Navneet Chhina, was working, along with two other employees, Kimberly Montecino and Raphael Onadikondo. Mr. Chhina testified he was inside the beer cooler when he saw Defendant take a 40-ounce beer out of the cooler and place it "inside his pants." Surveillance video from the store shows Defendant and another man standing near the cooler, and the cooler door open for approximately thirty seconds. No video evidence shows Defendant taking a beer from the cooler.
Chhina watched Defendant and his companion walk down the aisle where beef jerky and candy were displayed. Chhina saw Defendant place a beef jerky into his pocket. As Defendant moved toward the exit, Chhina confronted him and demanded he return the items he had taken. Defendant handed Chhina the beef jerky. Chhina then requested Defendant return the beer he believed Defendant had taken. Defendant denied having any other items. Chhina grabbed Defendant's hand to prevent him from leaving. Defendant told Chhina not to touch him. Defendant then reached into his pocket, pulled out a mace-like spray, and sprayed it toward Chhina's face.
Neither of the other employees saw Defendant take any items from the store. Ms. Montecino witnessed Chhina confront Defendant, saw Defendant spray Chhina, and heard Chhina scream. Mr. Onadikondo went to assist Chhina after the altercation, and Defendant sprayed him as well. Montecino called 911 and attended to her coworkers.
Defendant was indicted of conspiracy to commit common law robbery, common-law robbery, and attaining habitual felon status. Defendant was tried for conspiracy to commit common law robbery and common law robbery on 30 May 2017. At the close of the State's evidence, Defendant's counsel moved to dismiss the charges. The trial court granted this motion in part, and dismissed the charge of conspiracy.
During their deliberations, the jury submitted a question that read: "There are concerns about the one fact of the case. The testimony was that a 40 ounce of beer was taken. Does it matter whether it is not believed or believed that the defendant stole a 40 ounce of beer." In response, after consulting with the prosecutor and defense counsel, the trial court re-read portions of the jury instructions. The jury returned a verdict finding Defendant guilty of common law robbery.
Defendant then pled guilty to attaining habitual felon status. His charges were consolidated, and he was sentenced to 119-155 months of active imprisonment. Defendant timely appealed.
II. Jurisdiction
Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2017) and N.C. Gen. Stat. § 15A-1444 (2017).
III. Issues
Defendant argues: (1) the trial court erred by failing to dismiss the common law robbery charge; (2) the trial court committed plain error by failing to clarify a question from the jury and by improperly responding to the question; and (3) the trial court committed plain error by failing to instruct the jury to disregard hearsay testimony.
IV. Motion to Dismiss
A. Standard of Review
When considering a motion to dismiss, the trial court determines "whether there is substantial evidence of each element of the offense charged, and that the defendant is the perpetrator." State v. Williams , 330 N.C. 579, 584, 411 S.E.2d 814, 818 (1992). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Williamson , 110 N.C. App. 626, 630, 430 S.E.2d 467, 469 (1993) (citation omitted). All evidence is "considered in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn therefrom." Id. (citation omitted). This Court reviews a trial court's denial of a motion to dismiss de novo . State v. Robledo , 193 N.C. App. 521, 525, 668 S.E.2d 91, 94 (2008).
B. Analysis
"Common law robbery is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear." State v. Carter , 186 N.C. App. 259, 262, 650 S.E.2d 650, 653 (2007) (citation and internal quotation marks omitted). Here, Defendant was charged with using violence to steal a 40-ounce beer from the 7-Eleven.
The State presented testimony from Chhina that he had observed Defendant remove the beer from the cooler and place it inside his pants. There was evidence of Defendant using a mace-like spray on Chhina and Onadikondo as he was leaving the store with the beer purportedly still inside his pants. The video evidence shows Defendant at the beer cooler, the confrontation between Chhina and Defendant where Chhina is motioning toward Defendant, and Defendant possibly using one hand to secure the beer as he exits the store.
In arguing the motion to dismiss, defense counsel offered a plausible explanation for the events that occurred in the store. However, the trial judge found the State had made a reasonable argument based upon the evidence presented.
A reasonable mind could accept the State's version of the events from the evidence presented. See Williamson , 110 N.C. App. at 630, 430 S.E.2d at 469. Any discrepancies between the Defendant's version of the events and the State's was properly considered and resolved by the jury. State v. McNeil , 359 N.C. 800, 804, 617 S.E.2d 271, 274 (2005) (citation omitted).
Considering the evidence in the light most favorable to the State, the trial court did not err by denying Defendant's motion to dismiss the charge for common law robbery. See Williamson , 110 N.C. App. at 630, 430 S.E.2d at 469. Defendant's argument is overruled.
V. Response to Jury Question
A. Standard of Review
Defendant failed to object to the re-reading of the jury instructions at trial. We review for plain error. State v. Lawrence , 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012). "To establish plain error, defendant must show that the erroneous jury instruction was a fundamental error-that the error had a probable impact on the jury verdict." Id.
B. Analysis
Defendant argues the trial court erred by failing to clarify the meaning of the question submitted by the jury: "Does it matter whether it is not believed or believed that the defendant stole a 40 ounce of beer." He argues that the two possible interpretations would require simple, but opposite, answers. If the jury was asking whether they had to find Defendant stole a beer, the answer would be yes. If they were asking whether they had to find Defendant stole 40 ounces of beer, the answer would be no.
Both the prosecutor and defense counsel noted the two different interpretations of the jury question, and both agreed with the trial judge that re-reading parts of the instructions would be sufficient. The judge reminded the jury of their duty to weigh the evidence, and reiterated the elements of common law robbery and misdemeanor larceny, which included the need for them to find property was taken and carried away.
The instructions "were correct statements of the law and were given in conformity with Defendant's assent." State v. Guarascio , 205 N.C. App. 548, 566, 696 S.E.2d 704, 716 (2010). "The defendant will not be heard to complain on appeal when the trial court has instructed adequately on the law and in a manner requested by the defendant." State v. Weddington , 329 N.C. 202, 210, 404 S.E.2d 671, 677 (1991).
Defendant has not shown how failing to further clarify the meaning of the jury's question and the re-reading of portions of the jury instructions, including language specifically requested by Defendant's counsel, was a fundamental error that impacted the jury's verdict. See Lawrence , 365 N.C. at 518, 723 S.E.2d at 334. We find no plain error in the trial judge's handling of and response to the jury's question. Defendant's argument is overruled.
VI. Purported Hearsay Testimony
A. Standard of Review
Defendant failed to object to Montecino's purported hearsay testimony at trial. We review for plain error. See id.
B. Analysis
The testimony in question was presented by employee-Montecino. She testified she did not see Defendant take anything from the store, but was told by Chhina that Defendant had stolen a beer. She reiterated her statements on cross-examination. Presuming, arguendo , that Montecino's testimony was hearsay, Defendant has "failed to establish under the plain error doctrine that [its] admission 'tilted the scales' so as to cause the jury to render a guilty verdict." State v. Jones , 176 N.C. App. 678, 685, 627 S.E.2d 265, 269 (2006) (quoting State v. Dyson , 165 N.C. App. 648, 653, 599 S.E.2d 73, 77 (2004), disc. review denied , 359 N.C. 412, 612 S.E.2d 326 (2005) ).
Montecino repeatedly stated she did not see what Defendant had taken. The State presented other competent evidence admitted and tending to establish that Defendant took and concealed a 40-ounce beer from the cooler. The jury properly weighed the evidence presented. See McNeil , 359 N.C. at 804, 617 S.E.2d at 274. Defendant's argument is overruled.
VII. Conclusion
Defendant has failed to show the trial court's denial of his motion to dismiss the common law robbery charge was error. The State presented sufficient evidence to support a reasonable mind finding Defendant did take a 40-ounce beer from the 7-Eleven. See Williamson , 110 N.C. App. at 630, 430 S.E.2d at 469. Defendant has failed to show how the re-reading of the jury instructions or the admission of Montecino's testimony appreciably affected the jury's verdict. See Jones , 176 N.C. App. at 685, 627 S.E.2d at 269.
We find no error in the jury's verdict or the judgments entered thereon. It is so ordered.
NO ERROR.
Report per Rule 30(e).
Judges ELMORE and ZACHARY concur.