STATE OF NORTH CAROLINA v. DAVID CHARLES DIEHL

No. COA98-1626-2

(Filed 18 December 2001)

**1. Criminal Law— reference to another crime—motion for mistrial—curative instructions**

The trial court did not abuse its discretion by denying defendant's motion for a mistrial in a prosecution for first-degree murder and armed robbery where the State referred to another armed robbery during cross-examination of a detective. The court gave two curative instructions to the jury.

**2. Criminal Law— prosecutor's cross-examination—subsequent offense—not bad faith**

A prosecutor's questions of a detective about defendant's subsequent offense during a first-degree murder and armed robbery prosecution did not amount to misconduct, even though the trial

court correctly sustained defendant's objection, where there was no bad faith or illegitimate purpose on the State's part.

### 3. Evidence— subsequent offense—similarity to charged offense

The trial court did not abuse its discretion in a prosecution for first-degree murder and armed robbery by allowing the State to cross-examine defendant about a subsequent armed robbery where the second robbery was sufficiently similar to the first.

Judge GREENE concurring in the result.

Appeal by defendant from judgment entered 10 March 1998 by Judge W. Douglas Albright in Randolph County Superior Court. Originally heard in the Court of Appeals 16 November 1999. An opinion vacating the judgment of the trial court and ordering a new trial was filed by this Court on 18 April 2000. Pursuant to N.C. Gen. Stat. 7A-30(2), the State appealed to the Supreme Court, which also granted discretionary review of additional issues. Heard in the Supreme Court 14 February 2001. An opinion reversing the judgment of the Court of Appeals and remanding for consideration of issues not previously addressed by this Court was filed by the Supreme Court on 4 May 2001.

*Attorney General Roy Cooper, by Assistant Attorney General Buren R. Shields, III, for the State.*

*Mary March Exum for defendant appellant.*

TIMMONS-GOODSON, Judge.

On 16 January 1996, David Charles Diehl ("defendant") was indicted for first-degree murder. At trial, the jury found defendant guilty of first-degree murder on the basis of premeditation and deliberation and, after a capital sentencing proceeding, recommended life imprisonment without parole. On 10 March 1998, the trial court sentenced defendant accordingly, from which judgment defendant appealed. In a split decision, the Court of Appeals vacated defendant's conviction and judgment and remanded the case for a new trial. Pursuant to N.C. Gen. Stat. § 7A-30(2), the State appealed to the North Carolina Supreme Court, which also granted discretionary review of additional issues. On 4 May 2001, the Supreme Court filed an opinion reversing the decision of the Court of Appeals and remanding defend-

ant's case for consideration of remaining issues previously unaddressed by this Court.

The facts pertinent to this appeal are as follows: At trial, the State presented evidence that in the early morning hours of 23 December 1995, police officers discovered the dead body of Jake Spinks ("Spinks") at his residence in Asheboro, North Carolina. Spinks, a dealer in crack cocaine, had been stabbed sixty-four times. Deoxyribonucleic acid ("DNA") analysis of blood stains found in the home led police investigators to identify defendant as the perpetrator. In addition to the first-degree murder indictment, the State charged defendant for robbing Spinks with a dangerous weapon.

At trial, defense counsel made a motion to prohibit any reference to an unrelated charge pending against defendant, in which defendant allegedly committed armed robbery on 27 December 1995, five days after Spinks' murder. At issue was defense counsel's cross-examination of Detective Ron Nicholson, who testified that he had taken a statement from defendant on 4 January 1996. According to defendant, the 4 January 1996 statement he had given to law enforcement officers referred to events occurring on both the 22nd and the 27th of December, a point defense counsel wished to emphasize on cross-examination without referring to the specific charge for which defendant was in custody at the time and without "opening the door" to questions by the prosecution on the nature of the 27 December 1995 charge. In response to defense counsel's motion, the trial court stated that, "substantive questions about some collateral offense are not relative. That would be best—It would be best to keep it out of it." The trial court cautioned defense counsel concerning the proposed cross-examination of Detective Nicholson, however, noting that "at some point you're skirting on opening the door, to be honest with you." When defense counsel attempted to elicit pre-approval by the court for specific anticipated cross-examination questions, the court refused, but further warned, "You're likely to open the door. I'm hesitant to tell anybody what questions to ask. If you are asking me are you at the line, my attitude would be [you're] straggling."

In response to subsequent cross-examination, Detective Nicholson revealed that on 4 January 1996, defendant was "in custody for another charge." Detective Nicholson stated further, "I took the statement from Jeff Brady in reference and his statement was in reference to a robbery." On re-direct examination of Detective Nicholson by the State, the following colloquy occurred:

Q [the State]: Before lunch, Detective Nicholson, [defense counsel] asked you about possibly [defendant] being confused while he was being questioned, and you referred to him being charged with an incident on the [27th] of December 1995, right?

A [Detective Nicholson]: Yes, sir.

Q: An armed robbery?

A: Yes, sir.

[Defense counsel]: I object, Your Honor, and move to strike. I would ask that the jury be told to disregard that answer, Your Honor.

The Court: Disregard that answer, members of the jury.

The trial court denied defendant's motion for a mistrial, but gave the following, more detailed instruction to the jury:

Now, members of the jury, the Court is going to sustain the objection to that portion of the question that seeks to elicit the nature of some collateral charge upon which the defendant is not currently on trial. I admonish you to disregard that particular question and disabuse it from your mind and do not consider it further and do not consider any response to that question if one was given. Disregard it. Do not consider it. Disabuse it from your mind. All right. Clean up the question.

The State continued with its re-direct examination of Detective Nicholson. The trial court later approved the State's cross-examination of defendant about his involvement in the armed robbery on 27 December 1995, finding that the event was "sufficiently similar" to the 22 December 1995 robbery to "indicate a pattern of acts that would tend to establish the identity of the defendant as the perpetrator of both crimes." Defendant appeals, assigning error.

[1] Defendant argues that the trial court erred in denying his motion for a mistrial and by allowing the State to cross-examine defendant regarding the 27 December 1995 armed robbery. For reasons discussed herein, we conclude the trial court committed no error.

Defendant contends the trial court should have granted his motion for a mistrial after the State referred to the 27 December 1995 armed robbery during its re-direct examination of Detective Nicholson. Defendant argues the State's deliberate elicitation of in-

formation concerning an unrelated charge against defendant was prejudicial and expressly violated the trial court's instructions. Defendant asserts the State's question to Detective Nicholson amounts to prosecutorial misconduct, thereby entitling defendant to a new trial. Further, defendant contends that the evidence was not relevant for any permissible purpose under Rule 404(b) of the North Carolina Rules of Evidence and that, instead, the evidence tended to prove only that defendant possessed the character and disposition to commit the murder. We conclude that the trial court properly denied defendant's motion for a mistrial.

The decision to grant or deny a mistrial rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing by the defendant that the court abused its discretion. *See State v. Upchurch*, 332 N.C. 439, 453, 421 S.E.2d 577, 585 (1992); *State v. Barts*, 316 N.C. 666, 682, 343 S.E.2d 828, 839 (1986). Such a showing is made only where the trial court's ruling is "so arbitrary that it could not have been the result of a reasoned decision." *Barts*, 316 N.C. at 682, 343 S.E.2d at 839. A trial court should grant a defendant's motion for mistrial only when there are improprieties in the trial so fundamental that they substantially and irreparably prejudice the defendant's case, making it impossible for the defendant to receive a fair and impartial verdict. *See State v. Bonney*, 329 N.C. 61, 73, 405 S.E.2d 145, 152 (1991); *see also* N.C. Gen. Stat. § 15A-1061 (1999) (requiring a showing of "substantial and irreparable prejudice to the defendant's case" in order to grant a mistrial).

The trial court did not abuse its discretion in refusing to grant defendant's motion for a mistrial. The trial court gave not one, but two curative instructions to the jury. Generally, when a trial court properly instructs jurors to disregard incompetent or objectionable evidence, any error in the admission of the evidence is cured. *See Upchurch*, 332 N.C. at 450, 421 S.E.2d at 584.

[2] Moreover, we disagree with defendant's assertions that the State's actions amounted to prosecutorial misconduct. During the cross-examination of Detective Nicholson, defense counsel repeatedly referred to defendant's 4 January 1996 statement, attempting to show that some of defendant's statement referred to incidents occurring on the 22nd of December, while other parts of defendant's statement referred to events on the 27th of December. Thus, defense counsel attempted to demonstrate that defendant was confused when he gave his statement to law enforcement officers. Upon re-direct examina-

tion, the State attempted to show that defendant was not confused when he gave his statement regarding the 22 December 1995 murder. Detective Nicholson's affirmation that the 27 December 1995 incident concerned only an armed robbery, and not a murder, demonstrated that defendant would have been unlikely to confuse the two incidents when he gave his statement. Thus, although we agree that the trial court correctly sustained defense counsel's objection, we do not discern any bad faith or other illegitimate purpose on the State's part. *See State v. Bronson*, 333 N.C. 67, 79, 423 S.E.2d 772, 779 (1992) (noting that a prosecutor's questions are presumed to be proper unless the record shows that they were asked in bad faith).

Because defendant has failed to show prejudice arising from the State's question to Detective Nicholson, we hold the trial court properly denied defendant's motion for a mistrial. Accordingly, we overrule defendant's assignment of error.

[3] Defendant further argues the trial court erred in allowing the State to cross-examine defendant about the 27 December 1995 armed robbery charge. Defendant contends the armed robbery charge was dissimilar to the 22 December 1995 murder, and that its prejudicial effect outweighed its probative value. Again, we must disagree with defendant.

At trial, the court made specific findings of fact and conclusions of law concerning the evidence regarding the 27 December 1995 armed robbery charge. After arguments by counsel, the trial court determined that

[t]he evidence regarding the robbery on 12-22-95 and 12-27-95 was sufficiently similar in representing—or sufficiently similar in representation in the conduct of the defendant as to indicate a pattern of acts that would tend to establish the identity of the defendant as the perpetrator of both crimes.

. . . .

The crimes on 12-22-95 and 12-27-95 are not so remote in time as to dilute the commonality between them. The acts of the defendant on 12-22-95 and 12-27-95 are sufficiently similar to establish a modus operandi and thus shed light on the identity of the killer in the present cases.

The trial court then allowed the State to cross-examine defendant concerning the 27 December 1995 armed robbery. Defendant

now contends that the trial court's findings were inadequate to support its conclusion that the evidence was probative, and that, if relevant, the prejudicial effect of such evidence outweighed its probative value.

"The exclusion of evidence under Rule 403 is a matter generally left to the sound discretion of the trial court." *State v. Alston*, 341 N.C. 198, 237, 461 S.E.2d 687, 708 (1995). Accordingly, unless the defendant can demonstrate an abuse of discretion, the ruling will not be disturbed on appeal. *See id.* Moreover, the ultimate test for admissibility of evidence concerning prior acts is "whether the prior incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial." *State v. Moseley*, 338 N.C. 1, 42, 449 S.E.2d 412, 437 (1994). The similarities between the incidents must support a reasonable inference that the same person committed both crimes. *See id.* at 43, 449 S.E.2d at 437-38.

In *State v. Davis*, 340 N.C. 1, 14, 455 S.E.2d 627, 633-34 (1995), the Court approved admission of evidence tending to show that the defendants had robbed a restaurant one week prior to the attempted robbery with a dangerous weapon and first-degree murder for which the defendants were on trial. In comparing the events, the Court noted that "[i]n both incidents, the defendants entered the premises armed and waited until near closing time . . . to commit the crime. Defendants initially carried on as though they were on the premises to conduct legitimate business." *Id.* at 14, 455 S.E.2d at 633-34. Further, one of the defendants did not speak during either crime. Based on these factors, the Court concluded that the two events were sufficiently similar to allow admission of evidence concerning the prior robbery.

We detect no abuse of discretion in the trial court's decision in the instant case allowing the admission of evidence pertaining to the 27 December 1995 armed robbery, as it was sufficiently similar to events on 22 December 1995. In each incident, evidence indicated that defendant was driven to the crime scene and picked up afterwards by a single accomplice who did not come into the crime scene. Further, defendant used a long butcher knife during each incident. Both events occurred in the same general area and at nighttime. Finally, the two crimes occurred within five days of each other. Based on these facts, we hold the trial court properly allowed the State to cross-examine defendant concerning the 27 December 1995 robbery and we therefore overrule this assignment of error.

In summary, we hold defendant received a fair trial, free from prejudicial error. In that trial we find

No error.

Judge WALKER concurs.

Judge GREENE concurs in the result.

GREENE, Judge, concurring in the result.

I agree with the majority that there was no error in the trial court's denial of defendant's motion for a mistrial or the admission of the 27 December 1995 armed robbery charge. I write separately, however, to address the admissibility of the 27 December 1995 armed robbery[1] in light of its relevancy under Rule 404(b) and potential for unfair prejudice.

## I

## A

### *Relevancy*

Evidence of other crimes, wrongs, or acts is admissible if it is relevant for purposes other than to show the defendant " 'has the propensity or disposition to commit an offense [of] the nature of the crime charged,' " *State v. Chavis,* 141 N.C. App. 553, 563, 540 S.E.2d 404, 412 (2000) (citation omitted); N.C.G.S. § 8C-1, Rule 404(b) (1999), and if it proves "a material fact in issue in the crime charged," *State v. Johnson,* 317 N.C. 417, 425, 347 S.E.2d 7, 12 (1986). In determining the relevancy of the evidence, there must be a connection between the extraneous criminal transaction and the crime charged. *Chavis,* 141 N.C. App. at 563, 540 S.E.2d at 412.

In this case, the trial court admitted evidence of the 27 December 1995 armed robbery for the purpose of "establish[ing] a modus operandi and . . . shed[ding] light on the identity of the [perpetrator] in the present case[]." Evidence of other crimes may be offered to establish a "defendant's identity as the perpetrator when the *modus operandi* is similar enough to make it likely that the same person committed both crimes." *State v. Sokolowski,* 351 N.C. 137, 150, 522

---

1. Evidence of the 27 December 1995 armed robbery was excluded during the State's examination of Detective Nicholson but was later admitted during the State's cross-examination of defendant.

S.E.2d 65, 73 (1999). "This theory of admissibility requires 'some unusual facts present in both crimes or particularly similar acts which would indicate that the same person committed both crimes.' " *State v. Carter*, 338 N.C. 569, 588, 451 S.E.2d 157, 167 (1994) (quoting *State v. Moore*, 309 N.C. 102, 106, 305 S.E.2d 542, 545 (1983)), *cert. denied*, 515 U.S. 1107, 132 L. Ed. 2d 263 (1995).

In this case, there are similarities between the 22 December 1995 armed robbery and murder and the 27 December 1995 armed robbery. In both instances, the perpetrator of the offense used a long butcher knife to commit the offense, which occurred in the same general area at nighttime. Furthermore, in both instances, there is evidence defendant was driven to the crime scene by an accomplice who did not enter the premises but later picked up defendant from the crime scene. Moreover, there was testimony that after the commission of both crimes, defendant gave the knife to another person for disposal. Accordingly, the trial court properly concluded evidence of the 27 December 1995 armed robbery was admissible under Rule 404(b) to establish the identity of the perpetrator of the 22 December 1995 armed robbery and murder.

B

*Unfair prejudice*

Although I believe the 27 December 1995 armed robbery is relevant under Rule 404(b), "it may nevertheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." *Chavis*, 141 N.C. App. at 564, 540 S.E.2d at 413. "The question of whether evidence is unfairly prejudicial 'is a matter left to the sound discretion of the trial court.' " *Id.* (quoting *State v. Haskins*, 104 N.C. App. 675, 680, 411 S.E.2d 376, 381 (1991), *disc. review denied*, 331 N.C. 287, 417 S.E.2d 256 (1992)).

In this case, the trial court admitted the evidence for the limited purpose of establishing identity and found the two offenses "sufficiently similar" and "not so remote in time as to dilute the commonality." The trial court then determined "the probative value substantially outweigh[ed] the danger of unfair prejudice." In light of the limited purpose of the evidence and the trial court's findings, I do not believe the trial court abused its discretion in admitting evidence of the 27 December 1995 armed robbery.