STATE OF NORTH CAROLINA v. DEANTE OCTARIO HOWARD

No. COA10-1273

(Filed 6 September 2011)

**1. Evidence—prior crimes or bad acts—course of conduct— complete story—no error**

The trial court did not err in a robbery with a dangerous weapon case by admitting evidence of a break-in at the Daddy Rabbit's gun store. The evidence was properly admitted under the "course of conduct" or "complete story" exceptions to Rule 404(b) of the Rules of Evidence.

**2. Evidence—prior crimes or bad acts—probative value—not substantially outweighed by unfair prejudice—no error**

The trial court did not err in a robbery with a dangerous weapon case by admitting evidence of a break-in at the Daddy Rabbit's gun store and testimony from a detective concerning defendant wearing dark clothing in another investigation. The probative value of the evidence substantially outweighed its potential for unfair prejudice and the detective's response was to a question from defendant's own counsel and did not in any way discuss the nature of the prior investigation.

**3. Evidence—lay testimony—detective—based on personal observations and training—no error**

The trial court did not commit error or plain error in a robbery with a dangerous weapon case by admitting the lay testimony of a detective. The testimony was based upon his personal observations at the scene and his investigative training background as a police officer.

**4. Identification of Defendants—detective's lay testimony—no error**

The trial court did not commit error or plain error in a robbery with a dangerous weapon case by allowing a detective to identify defendant as the person in a still photograph made from a surveillance tape. The detective observed defendant in custody on the same morning as the photo was taken, located the clothes defendant was wearing in the photo (with blood on them), and had more familiarity with defendant's appearance at the time the photo was taken than the jury could have.

**5. Evidence—authentication—best evidence rule—failure to object—no error**

The trial court did not err in a robbery with a dangerous weapon case by admitting into evidence receipts and photos captured from a surveillance video and a copy of the victim's social security card. Had defendant objected to the receipts and photos, the State could have properly authenticated them. Further, had defendant objected to the admission of the receipts, photos, and social security card, the State could have provided the necessary foundation and documentation relating to the best evidence rule.

**6. Robbery—dangerous weapon—sufficient evidence—motion to dismiss—properly denied**

The trial court did not err in a robbery with a dangerous weapon case by denying defendant's motion to dismiss at the close of the evidence. There was sufficient evidence presented of each element of the crime and of defendant being the perpetrator of the crime.

**7. Robbery—dangerous weapon—cumulative errors—not plain error**

Defendant's argument in a robbery with a dangerous weapon case that the cumulative errors of the trial court deprived him of a fair trial was without merit. Given the overwhelming evidence

of defendant's guilt, the cumulative effect of any of the asserted errors did not constitute plain error.

Appeal by defendant from judgment entered 19 May 2010 by Judge R. Stuart Albright in Randolph County Superior Court. Heard in the Court of Appeals 11 May 2011.

*Attorney General Roy Cooper, by N.C. Department of Justice Deputy Director Caroline Farmer, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Kathleen M. Joyce, for defendant-appellant.*

STEELMAN, Judge.

Evidence of the Daddy Rabbit's break-in was properly admitted under the "course of conduct" or "complete story" exception. The evidence admitted under the "course of conduct" exception was also properly admitted under North Carolina Rule of Evidence 403. Detective Shuler was properly allowed to give lay opinion testimony relating to items stolen from Wal-Mart, the appearance of blood, and the matching of wood panel fragments. Where Detective Shuler had more familiarity than the jury with defendant's appearance at the time of the crime, he was properly allowed to identify defendant on a Wal-Mart surveillance video. Where defendant did not object at trial, we find no plain error in the authentication and compliance with the "best evidence rule" of some of the State's evidence at trial. Where there was overwhelming evidence of defendant's guilt, the trial court properly denied defendant's motion to dismiss. Where we found that there was no plain error as to each of defendant's prior arguments, and the evidence of defendant's guilt was overwhelming, there can be no cumulative error that deprived defendant of a fair trial.

## I.  Factual and Procedural History

At approximately 12:50 a.m. on the morning of 13 October 2008, a black male approached Sandra Pennington (Pennington) as she attempted to enter her room at the Innkeeper Hotel in Archdale. He produced a silver snub nosed revolver and demanded that Pennington give him money or he would "pop three in [her]." Pennington refused but offered her laptop computer. The man then took her laptop computer, camcorder, and wallet which contained credit cards, approximately fifty dollars cash, Pennington's driver's license, and the social security cards of herself and her two children.

STATE v. HOWARD

[215 N.C. App. 318 (2011)]

Around 4:30 a.m. a citizen reported a break-in at Daddy Rabbit's gun store in Lexington, located approximately eleven miles from Archdale. After reviewing the inventory, it was discovered that a laptop computer and a rifle had been stolen. The suspect was reported to be driving an Isuzu Rodeo automobile and was followed by a citizen to an apartment located at 109 Oak Hill Drive, Lexington, belonging to Amanda Ebert. Detective Derrick Shuler (Detective Shuler) went to Ebert's apartment to investigate. Deante Octario Howard (defendant) was apprehended at Ebert's apartment.

Ebert gave the police consent to search her apartment and her Isuzu Rodeo automobile. The search yielded several bags of Wal-Mart merchandise, two laptop computers, a rifle, and some bloody clothing. The owner of Daddy Rabbit's verified that the serial number of the laptop computer taken from his store matched one of the laptop computers located at Ebert's apartment. A tag from Daddy Rabbit's with the rifle's serial number on it was found in defendant's pocket, along with Pennington's social security card.

The second laptop computer was determined to belong to Pennington. Upon contacting Pennington, Detective Shuler learned of the earlier robbery in Archdale. Receipts for the Wal-Mart merchandise were found in the bags, and the last four digits of the credit card number shown on the receipts were identical to the last four digits of one of the credit cards taken from Pennington. After establishing that the Wal-Mart items were likely purchased with a stolen credit card, Detective Shuler obtained the surveillance video from Wal-Mart and identified defendant as the individual who made the purchases. Detective Shuler further noted that the clothing defendant was wearing in the surveillance video was the same clothing located at Ebert's apartment, with blood on it. The Wal-Mart purchases were made at approximately 4:00 a.m.

A search of the Isuzu Rodeo automobile revealed blood and paneled board that matched the area broken to gain entry into Daddy Rabbit's.

On 13 October 2008, defendant was indicted for the robbery of Pennington with a dangerous weapon. After deliberating for seven minutes, the jury found defendant guilty as charged. The court found the defendant to be a prior felony record level V with sixteen prior record points. Defendant was sentenced to an active term of imprisonment of 133 to 169 months.

Defendant appeals.

## II.  Course of Conduct

In his first argument, defendant contends the trial court erred in admitting evidence of the Daddy Rabbit's break-in. We disagree.

### A.  Admissibility of the Evidence

#### i.  Standard of Review

**[1]**  Defendant failed to object to this evidence at trial. Our review of this argument is limited to plain error.

> In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error.

N.C. R. App. P. 10(a)(4). "In order to show plain error, a defendant must show that absent the error the jury probably would have reached a different verdict." *State v. Riley*, 159 N.C. App. 546, 551, 583 S.E.2d 379, 383 (2003) (quotation omitted). Plain error only applies when "the claimed error is a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done." *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quotation omitted).

#### ii.  Analysis

> [A]dmission of evidence of a criminal defendant's prior bad acts, received to establish the circumstances of the crime on trial by describing its immediate context, has been approved in many other jurisdictions following adoption of the Rules of Evidence. This exception is known variously as the "same transaction" rule, the "complete story" exception, and the "course of conduct" exception. Such evidence is admissible if it forms part of the history of the event or serves to enhance the natural development of the facts. We similarly hold that the "chain of circumstances" rationale established in our pre-Rules cases survives the adoption of the Rules of Evidence.

*State v. Agee*, 326 N.C. 542, 547-48, 391 S.E.2d 171, 174 (1990) (citations and quotations omitted). The Supreme Court of North Carolina has held "that evidence of 'other wrongs' is admissible for the purpose, not enumerated in Rule 404(b) itself, of 'complet[ing] the story of a crime by proving the immediate context of events near in time and place.' " *See Id.* at 349-50, 391 S.E.2d at 175 (citations omitted).

The evidence from the Daddy Rabbit's break-in was properly admitted by the trial court under the "course of conduct" or "complete story" exception. The evidence was necessary for the jury to be able to understand how defendant was identified as the perpetrator of the Pennington robbery, and how items stolen from Pennington and purchased with a credit card stolen from Pennington were recovered. The Daddy Rabbit's break-in evidence was necessary for the jury to understand the complete story and timeline of the events that took place on the night in question, and therefore was properly admitted under the "course of conduct" exception.[1]

## B. Admissibility Under Rule 403 Standard

[2] Defendant further argues that the trial court erred in admitting the Daddy Rabbit's evidence because the probative value of the evidence, particularly defendant's bloody clothing, did not substantially outweigh its potential for unfair prejudice.

North Carolina Rule of Evidence 403 states "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403 (2009). "Whether to exclude evidence under Rule 403 is a matter left to the sound discretion of the trial court. . . . Evidence which is probative of the State's case necessarily will have a prejudicial effect upon the defendant; the question is one of degree." *Agee*, 326 N.C. at 550, 391 S.E.2d at 176 (quoting *State v. Coffey*, 326 N.C. 268, 281, 389 S.E.2d 48, 56 (1990)).

The trial court did not err in admitting evidence relating to defendant's break-in at Daddy Rabbit's under Rule 403. The bloody clothing found at Ebert's apartment helped Detective Shuler to identify defendant as the individual who made purchases with a credit card stolen from Pennington at Wal-Mart, because that clothing was worn by defendant when he made the Wal-Mart purchases. The fact that blood was found on the clothing was a necessary detail for the jury to understand why this clothing appeared significant to the police when they searched the apartment, and to connect the clothing to the Daddy Rabbit's break-in. The evidence was neces-

---

1. We also note that the learned trial judge analyzed the admissibility of this evidence under both Rules 403 and 404(b) of the Rules of Evidence, and correctly determined that it was admissible under those Rules as well as under the course of conduct rule. Since we have held that the evidence was admissible under that exception, we do not further discuss the Rule 404(b) analysis.

sary to provide the jury with a complete narrative of the events that took place. This evidence was not unfairly prejudicial, and the trial court did not abuse its discretion in admitting the evidence of the Daddy Rabbit's break-in, including the bloody clothing, under Rule 403.

Defendant also complains of Detective Shuler testifying concerning defendant wearing dark clothing in another investigation. This testimony was in response to a question from defendant's counsel as to whether Detective Shuler ever saw defendant with a black hooded sweatshirt "during any of your investigation." Since this was in response to a question from defendant's own counsel, which was less than artfully worded, and did not in any way discuss the nature of the prior investigation, we hold that the trial court did not err under Rule 403 in failing to intervene *ex mero motu* to exclude this evidence. The admission of this evidence did not constitute error, much less plain error.

This argument is without merit.

### III. Lay Opinion Testimony

**[3]** In his second argument, defendant contends the trial court erred in admitting Detective Shuler's lay opinion testimony. We disagree.

Defendant did not object to Detective Shuler's testimony at trial. Our review is thus limited to plain error.

### A. Lay Opinion Related to Evidence at Ebert's Apartment

Defendant contends that because Detective Shuler was not qualified as an expert he should not have been allowed to give lay opinion testimony on the following: (1) that items located at Ebert's apartment were purchased with a stolen credit card and that it appeared someone had attempted to hide them; (2) that subtotals on a Wal-Mart receipt indicated that the credit card was stolen because defendant would not have known how much money was available on the card and would have purchased a few items at a time to be sure the card would clear; (3) that there was blood on clothing found in Ebert's apartment and in the Isuzu Rodeo automobile when no lab tests confirmed its presence; and (4) the broken wood panel piece found in the Isuzu Rodeo automobile matched the piece broken to gain entry to Daddy Rabbit's "like a 'puzzle piece.' "   .

North Carolina Rule of Evidence 701, Opinion Testimony by Lay Witness, states:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

N.C. Gen. Stat. § 8C-1, Rule 701 (2009).

> This Court has long held that a witness may state the instantaneous conclusions of the mind as to the appearance, condition, or mental or physical state of persons, animals, and things, derived from observation of a variety of facts presented to the senses at one and the same time. Such statements are usually referred to as shorthand statements of facts.

*State v. Alexander*, 337 N.C. 182, 191, 446 S.E.2d 83, 88 (1994) (quotation omitted). In the past this Court has upheld a police officer's lay opinion testimony based upon his "personal observations at the scene and his investigative training background as a police officer." *State v. Ray*, 149 N.C. App. 137, 145, 560 S.E.2d 211, 217 (2002), *aff'd*, 356 N.C. 665, 576 S.E.2d 327 (2003).

The trial court properly admitted the challenged testimony of Detective Shuler. Detective Shuler's testimony that the items found at Ebert's were bought with a stolen credit card was based upon the Wal-Mart receipt found at the apartment, and his investigation. We held in *State v. Ray*, 149 N.C. App. at 145, 560 S.E.2d at 217, that an officer can give lay opinion testimony based on his investigative training. The fact that someone had tried to hide the items was based on Detective Shuler's rational observation, and represented nothing more than an instantaneous conclusion he reached after observing the location of the merchandise at Ebert's apartment. Detective Shuler's testimony that the presence of a series of subtotals on the Wal-Mart receipt could indicate a purchase with a stolen credit card was again based on Detective Shuler's investigative training and background as a police officer, and was a proper basis for lay opinion testimony. *Ray, supra*. The Supreme Court of North Carolina has upheld lay opinion testimony identifying blood or bloodstains, *State v. Mason*, 295 N.C. 584, 595, 248 S.E.2d 241, 248 (1978), *cert. denied*, 440 U.S. 984, 60 L. Ed. 2d 246 (1979); therefore, there was no error in the admission of Detective Shuler's testimony that there was blood present on the clothing and in the Isuzu Rodeo automobile. Finally, Detective Shuler's testimony that the wood panel found in the Isuzu Rodeo automobile matched the broken entry site of Daddy Rabbit's, was an instantaneous conclusion based on the appearance of the bro-

ken panel piece, and was a proper subject for lay opinion testimony. The trial court did not commit error, much less plain error, in allowing Detective Shuler to offer this lay opinion testimony.

### B. Video Identification by Lay Witness

**[4]** Defendant also contends that it was plain error for the trial court to allow Detective Shuler to identify defendant as the person shown in a still photograph made from Wal-Mart's surveillance tapes, and as making the purchases at Wal-Mart.

In *State v. Belk*, this Court noted:

> The current national trend is to allow lay opinion testimony identifying the person, usually a criminal defendant, in a photograph or videotape where such testimony is based on the perceptions and knowledge of the witness, the testimony would be helpful to the jury in the jury's fact-finding function rather than invasive of that function, and the helpfulness outweighs the possible prejudice to the defendant from admission of the testimony.

*State v. Belk*, ___ N.C. App. ___, ___, 689 S.E.2d 439, 441 (2009) (quotation omitted), *writ denied, disc. review denied,* 364 N.C. 129, 695 S.E.2d 761 (2010). This Court has found the following factors to be significant:

> (1) the witness's general level of familiarity with the defendant's appearance; (2) the witness's familiarity with the defendant's appearance at the time the surveillance photograph was taken or when the defendant was dressed in a manner similar to the individual depicted in the photograph; (3) whether the defendant had disguised his appearance at the time of the offense; and (4) whether the defendant had altered his appearance prior to trial.

*Id.* (citations omitted).

Detective Shuler observed the defendant in custody on the same morning as the Wal-Mart photo was taken, affording Detective Shuler the opportunity to see defendant at a time when his appearance most closely matched his appearance in the video. Detective Shuler also located the clothes defendant was wearing at Wal-Mart in Ebert's apartment, with blood on them. Detective Shuler had more familiarity with defendant's appearance at the time the photo was taken than the jury could have. The trial court did not err in admitting Detective Shuler's lay opinion testimony, much less commit plain error.

This argument is without merit.

## IV. Document Authentication and Best Evidence Rule

**[5]** In defendant's third argument, he contends that Wal-Mart receipts and photos captured from the Wal-Mart surveillance video were not properly authenticated, and that the receipts, photos, and a copy of the victim's social security card admitted into evidence all violated the "best evidence rule." We disagree.

Defendant did not object to the admission of any of these pieces of evidence at trial. Our review is thus limited to plain error.

North Carolina Rule of Evidence 901(a) states "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." N.C. Gen. Stat. § 8C-1, Rule 901(a) (2009). North Carolina Rule of Evidence 1002, known as the "best evidence rule" states, "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute." N.C. Gen. Stat. § 8C-1, Rule 1002 (2009). Rule 1003, Admissibility of Duplicates, provides, "[a] duplicate is admissible to the same extent as an original unless (1) a genuine issue is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." N.C. Gen. Stat. § 8C-1, Rule 1003 (2009).

"Based upon our review of the record, it appears that if defendant had made a timely objection, the State could have supplied the necessary foundation . . . ." *State v. Jones*, 176 N.C. App. 678, 683, 627 S.E.2d 265, 268 (2006). Had defendant objected to the evidence now challenged the State could have properly authenticated it and either provided the originals of the social security card and receipts to comply with the "best evidence rule" or explained why admission of duplicates was appropriate. "Since defendant has made no showing that the foundational prerequisites, upon objection, could not have been supplied and has pointed to nothing suggesting that [the evidence in question] is inaccurate or otherwise flawed, we decline to conclude the omissions discussed above amount to plain error." *Id.* at 684, 627 S.E.2d at 269.

The trial court did not commit plain error in admitting the social security card, Wal-Mart photos, and receipts into evidence without full authentication and explanation as to whether or not the "best evi-

dence rule" was complied with, because had the defendant objected to the admission of these pieces of evidence the State could have provided the necessary foundation and documentation relating to the "best evidence rule."

This argument is without merit.

## V.  Motion to Dismiss

**[6]** In his fourth argument, defendant contends the trial court erred in denying his motion to dismiss at the close of the evidence. We disagree.

### A. Standard of Review

Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.

. . . .

In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.

*State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (quotation and citation omitted), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

### B.  Analysis

"The elements of robbery with a dangerous weapon are (1) the unlawful taking or attempted taking of personal property from another; (2) the possession, use or threatened use of firearms or other dangerous weapon, implement or means; and (3) danger or threat to the life of the victim." *State v. Jarrett*, 137 N.C. App. 256, 262, 527 S.E.2d 693, 697 (2000) (citation omitted).

We hold that the trial court did not err in denying defendant's motion to dismiss. There was sufficient evidence presented of each element of robbery with a dangerous weapon and of defendant being the perpetrator of the crime. The victim identified the defendant as the man who robbed her at gun-point in open court. Defendant was apprehended at Ebert's apartment where the police located items

STATE v. HOWARD

[215 N.C. App. 318 (2011)]

purchased from Wal-Mart with one of Pennington's stolen credit cards, the clothing defendant was wearing when he used Pennington's stolen credit card at Wal-Mart, and Pennington's laptop computer. Pennington's social security card was found in defendant's wallet. Pennington was robbed at approximately 12:50 a.m. Pennington's stolen credit card was used at Wal-Mart in Lexington at about 4:00 a.m., the Daddy Rabbit's break-in was reported around 4:30 a.m., and defendant was apprehended by 5:00 a.m. All of these events took place within an eleven mile radius. Motions to dismiss based upon the insufficiency of the evidence must be viewed in the light most favorable to the State and contradictions and discrepancies are for the jury to decide. *Fritsch*, 351 N.C. at 378-79, 526 S.E.2d at 455. The evidence against defendant was overwhelming. The trial court properly denied defendant's motion to dismiss.

This argument is without merit.

## VI. Cumulative Errors

[7] In his fifth argument, defendant contends that should this Court conclude that no single error was sufficiently prejudicial to warrant a new trial, that the cumulative errors deprived him of a fair trial. We disagree.

Defendant has asserted a series of questionable instances of plain error, all of which we have found not to constitute plain error. Given the overwhelming evidence of defendant's guilt in this case, the cumulative effect of any of the asserted errors does not come close to constituting plain error.

This argument is without merit.

## VII. Conclusion

We hold that defendant received a fair trial, and was properly convicted by the jury of robbery with a dangerous weapon, based upon overwhelming evidence.

NO ERROR.

Judges STEPHENS and HUNTER, JR., ROBERT N. concur.